J. G. PACKARD and C. D. MILLS, Partners, Appellees, v. C. A. SNYDER and W. H. HURD, Partners, Appellees, and JACOB G. SCHMIDT and E. DUKE, NAVEN, Appellants.

**Counties:** SELECTING THIRD OFFICIAL PAPER: *When imperative.* Code, section 441, requires the board of supervisors of counties to select two papers as official newspapers, the same to be the two having the greatest number of *bona fide* yearly subscribers, "but in counties having a population of 17,000, or more, three papers, not more than two of which shall be published in the same town, shall be selected.". *Held,* that the selection of a third paper in counties having a population of more than 17,000 is imperative, and that such third paper must be selected in the same manner as the other two.

COMBINING SUBSCRIPTION LIST. Where the board of supervisors of a county was required to select three papers as official newspapers, the same to be "those having the greatest number of *bona fide* yearly subscribers," no two or more papers could combine their subscription lists and be selected as one paper, to the prejudice of another paper having a larger subscription list than either.

*Appeal from Blackhawk District Court.*—HON. A. S. BLAIR, . Judge.

WEDNESDAY, APRIL 11, 1900.

THIS is a contest over the selection of "official newspapers" for the county of Blackhawk for the year 1899. The firm of Packard & Mills appealed from the order made by the board of supervisors. E. Duke Naven and Jacob Schmidt join in this appeal from the judgment of the district court.—*Affirmed.*

*Sherman T. Mears* and *Burns & Stewart* for appellants.

*J. C. Scott* for appellees Packard & Mills.

*Alfred Grundy* for appellees Snyder & Hurd.

GIVEN, J.—I. Section 441 of the Code, as applied to Blackhawk county, it having a population of over seventeen thousand, required the board of supervisor to select "three papers, not more than two of which shall be published in the same town." Said section, after providing how, in case of contest, the applicants shall prove the number of their *bona fide* yearly subscribers living within the county, provides as follows: "And the 2 [in this case 3] applicants thus showing the greatest number of *bona fide* yearly subscribers living within the county shall be the county official papers." The firm of Packard & Mills were publishers of the *Globe* in Cedar Falls, a newspaper having a *bona fide* yearly subscription of 956. The firm of Snyder & Hurd were publishers at Cedar Falls of the *Cedar Falls Gazette,* having a *bona fide* yearly subscription of 1,036. Jacob G. Schmidt was a publisher at Waterloo of *Derr Deutsch-Amerikaner,* published in the German language, and having a circulation of five hundred. E. Duke Naven was the publisher at Laporte City of the *Laporte Progress-Review,* having a circulation of five hundred and forty-four. Mr. Schmidt and Mr. Naven

joined in an application to the board that their two papers be selected as one of the official newspapers of the county. The board of supervisors made selections as follows: "Resolved, that the *Waterloo Courier* and the *Cedar Falls Gazette* are hereby selected as the two official newspapers of Blackhawk county; and resolved, that the *Deutsch-Amerikaner* and *Laporte Progress-Review* be selected as the third official newspaper of said Blackhawk county (they to receive the minimum amount allowed by law for one newspaper, to be divided between them equally), each of which shall print all the proceedings of the board of supervisores, as provided by section 441 of the Code." The district court found that "the *Cedar Falls Gazette* and the *Globe*—both of Cedar Falls—have the second and third largest number of *bona fide* yearly subscribers within the county, and, it being conceded in open·court that the *Waterloo Courier,* in said county, has the largest number of *bona fide* yearly subscribers, it is therefore found that said three papers have largest number of subscribers, and that the *Globe* is entitled to be selected as the third paper in which to publish the proceedings of the board, as provided in section 441 of the Code." The decision of the board was affirmed as to the *Waterloo Courier* and the *Cedar Falls Gazette, and* reversed as to *Der Dutsch-Amerikaner* and *Laporte Progress-Review.*

II. Appellants' contentions are that the manner of selecting the two papers does not apply to the selection of the third authorized where there is a population of seventeen thousand or more, and that it is discretionary with the board whether to select a third paper, and as to the manner of its selection. They cite an able opinion of the learned attorney general (215 Attorney· General's Report 1888) construing section 428, McClain's Code, wherein he says in conclusion: "I think the legislature intended to leave the selection of the third paper entirely to the sound discretion of the board, both as to whether a third paper shall be selected and as to the manner of making its selection." The selection thus

construed provided that in counties. having a population of seventeen thousand or more three papers "may be selected,"· while in' the present Code it says three papers "shall be selected." We think the duty of selecting the third paper where there is a population of seventeen thousand or more is imperative, and we are clear that it is to be selected in the same manner as the other two are selected. We do not discover, nor is any reason shown, why all the papers should not be selected in the same manner, and such, we think, is the manifest intention of the legislature. *Bona fide* yearly subscribers living within the county to each paper is the basis upon which the selection must be made, and it applies as well to the third as to the first or the second. We do not think it was intended that any two or, more papers might combine their *bona fide* subscription lists, and be selected by virtue thereof. Our conclusion is that the judgment of the district court should be AFFIRMED.