## IN RE SELECTION OF OFFICIAL NEWSPAPER.

F. J. BROWN, Appellant, v. A. D. McGUIRE, Appellee.

COUNTIES: Board of Supervisors—Official Newspapers—Selection —Bona Fide Subscribers. The publisher of a newspaper who, in good faith and for a valuable consideration, purchases the subscription list of a defunct newspaper, and, as a part of the contract of purchase, furnishes his own newspaper to such subscribers in fulfillment of their subscriptions, with the express or implied consent of such subscribers, thereby constitutes such purchased list of subscribers bona fide subscribers to his own newspaper.

*Appeal from Wayne District Court.*—H. K. EVANS, Judge.

THURSDAY, OCTOBER 18, 1917.

CONTEST over the matter of selecting an official newspaper. The facts appear in the opinion.—*Affirmed.*

*F. J. Brown,* for appellant.

*D. L. Murrow,* for appellee.

PRESTON, J.—In the hearing before the
board of supervisors, five publishers filed
their applications with their lists of sub-
scribers. Three papers were to be selected.
It was conceded by appellant and appellee
and the Seymour Leader that the Times-Re-
publican and the Wayne County Democrat were entitled to
be selected as two of the three. The Leader was so far be-
hind that no appearance was made for it in the district
court, so that the contest is between the appellant and ap-
pellee -as to which of these two shall be the third paper.
The Humeston New Era was selected as the third paper,
and Mr. Brown, the publisher of the News, appealed to the
district court, and there filed a petition. Paragraph 3 of
this petition as amended is as follows:

"Comes now F. J. Brown, publisher of the Allerton
News, of Allerton, Wayne County, Iowa, and states:

"Par. 3. That in the list filed by the Humeston New
Era and as a part of said list there are 250 names of per-
sons who never subscribed for the Humeston New Era, but
said persons did subscribe for a newspaper known as the
Millerton Radium, which was published at the town of
Millerton, Wayne County, Iowa, and was so published un-
til about the 1st day of December, 1915; that about the 1st
day of December, 1915, the publishers of the Humeston
New Era purchased and paid a valuable consideration for
the subscription list of the Millerton Radium and added the
names so bought to the list so filed as aforesaid; that when
they purchased said subscription list as aforesaid they
agreed to send the Humeston New Era to all of said list
of subscribers to the Millerton Radium until the time ex-
pired for which they had paid for the Millerton Radium,
and did so send the Humeston New Era to the 250 afore-
said, which are included in the list filed by the publishers
of the Humeston New Era as a part of the list of subscrib-

COUNTIES:
board of sup-
ervisors: of-
ficial news-
papers; selec-
tion: bona
fide sub-
scribers.

ers to the Humeston New Era; on December 1st, the Miller-
ton Radium suspended publication and moved the plant
from the county; that on the 9th day of June, A. D., 1916,
appellant filed an amendment to his said petition in words
as follows:

"That he amends Paragraph 3 to read and to state
that in the last issue, to wit, the issue of the first week in
December, 1915, the Millerton Radium published a state-
ment that the publisher of said newspaper had sold the sub-
scription list to the publishers of the Humeston New Era
and that the said publishers of the New Era would send
the New Era in the place of the Radium for such time as
the subscribers to said Radium had paid for said newspa-
per, and the Humeston New Era the same week also pub-
lished a statement saying they had purchased the said
Radium list and would send the New Era in place of the
Radium for such length of time as the subscribers to the
Radium had paid for said Radium."

The defendant, McGuire, publisher of the Era, de-
murred to the petition before set out, on the following
grounds:

"That Paragraph 3 of said petition shows on its face
that said Brown is not entitled to the relief demanded with
reference thereto.

"That said Paragraph 3 shows that the 250 subscribers
therein referred to were actually receiving said Humeston
New Era at the time of the filing of said list by said Humes-
ton New Era and had been receiving said newspaper ever
since the 1st day of December, 1915, under an agreement
for that purpose; that the Millerton Radium ceased to
exist as a newspaper in Wayne County, Iowa, on Decem-
ber 1st, 1915, and has never since existed as a newspaper
in Wayne County, Iowa.

"By reason of the above and foregoing, as contained

in Paragraph 3 of said petition, the same shows on its face that said subscribers were such subscribers to said Humeston New Era as entitled them to be counted in the selection of an official newspaper for Wayne County, Iowa.

"Wherefore this appellee prays the court to dismiss the pretended cause of action set up in said Paragraph 3 and to enter an order in this case affirming the action of the board of supervisors of Wayne County, Iowa, in selecting the Humeston New Era as one of the official papers for said county."

The demurrer was sustained, and the appellant elected to stand upon his petition. The only question raised by demurrer, and for determination upon this appeal, is whether the transfer of the subscription list from the Radium to the Era, the acceptance by the Era, the payment by the Era of a consideration for the list, and the fulfillment of the agreement by sending the paper to the several subscribers, with the assent of such subscribers, made such former subscribers to the Radium bona fide subscribers to the Era. Appellant cites *Ashton v. Stoy*, 96 Iowa 197, as being in point. In that case, it was held that persons to whom a paper was sent, in accordance with a contract made by a real estate dealer as an advertisement of his business, were not to be counted as actual subscribers to a paper. Appellant says that in that case the parties receiving the papers did nothing, one way or the other, but simply received the papers being sent by another party, and they contend that such is the situation here. But we think there is more in the instant case, and that it involves the question of assent or ratification by the 250 subscribers referred to, after notice of the arrangement published in both the Era and the Radium. This is not a case of combining the subscription list in order to secure the county printing, as was the case in *Packard v. Snyder*, 110 Iowa 628. In *Ashton v. Stoy*, 96 Iowa 197, at 201, we said that

to become a subscriber to a newspaper includes some voluntary act on the part of the subscriber, or something which is in effect an assent by him to the use of his name as a subscriber. It is not claimed that the 250 persons above referred to actually ordered the paper, but, under the second part of the definition given, we think they were bona fide subscribers. It is not disputed that they were bona fide subscribers to the Radium. That paper desired to suspend publication and go out of business. It made an arrangement with appellee to carry out its contract with its subscribers. It notified its subscribers of its intention to suspend, and of its arrangement with the appellee. Appellee gave a like notice to them, and sent the paper to them in accordance with the agreement made with the Radium. We think that the subscribers who, with full knowledge and notice of the arrangement, and without objection, accepted and received the paper of appellee, assented to the use of their names as subscribers. The transaction seems to have been in entire good faith, and accepted and assented to by said subscribers. When the Radium went out of business, its subscribers doubtless could have compelled the publisher to furnish another paper or return to them their subscription which had been paid and not earned. But the owner of the Radium saw fit to arrange with the appellee to fulfill its subscription list, and, as before stated, notices of the arrangement were given. This, we think, was a sufficient notice and a sufficient transfer of the list to require some action on the part of the subscribers to the Radium, if they did not desire to become subscribers to the Era, and that the receipt of the Era by them from week to week would preclude them from recovering the subscription which was unearned by the Radium; and, too, the notice in the Era and the sending of the paper would prevent the Era from recovering from the subscribers for the period for which the subscribers had paid for the Radium.

Under all the circumstances shown, it is our conclusion that the 250 subscribers referred to were bona fide subscribers, and that they should have been counted, and that the trial court properly sustained the demurrer. The judgment is therefore—*Affirmed.*

GAYNOR, C. J., WEAVER and STEVENS, JJ., concur.