C. L. BREDT, operating under the firm and style name of FRANK-LIN COUNTY NEWS, Appellee, v. FRANKLIN COUNTY et al., Appellants.

No. 45144.

MARCH 12, 1940.

James E. Coonley, County Attorney, and F. J. McGreevy, for appellants.

Leming & Hobson and R. R. Stuart, for appellee.

OLIVER, J.—Plaintiff brought action against the defendants, Franklin county and the supervisors of said county, praying that a writ of mandamus issue, commanding them to select three newspapers as publishers of the official proceedings of the board, and for such other relief as the court might find him entitled. The amended and substituted petition alleged that Code sections 5397, 5398 and 5399 made it the duty of defendant-supervisors, at their January 1939 meeting, to designate three official newspapers for said county; that the publishers of Franklin County News had prior to said meeting made written application to said board to have said paper selected as one of said official newspapers, and at said meeting personally appeared and personally applied for such selection; that Franklin County News was then a newspaper of general circulation, published in Hampton, Iowa, had been established and published regularly for more than one year with a bona fide paid circulation recognized by the postal laws of the United States; that only

two other newspapers of said county likewise made written application for selection as official newspapers; that one of said newspapers was published at Sheffield, Iowa; that the defendant, Board of Supervisors, designated the other two applicants as official newspapers for 1939, and refused to designate Franklin County News as the third official newspaper; that subsequently plaintiff purchased said Franklin County News from its former owners and succeeded to all their rights, thereafter continuing to own and publish said newspaper and being a resident and taxpayer of said county; that plaintiff made application to the defendant, Board of Supervisors, and demanded that said newspaper be designated as an official newspaper but that said defendants refused so to do; that the refusals of the defendants to designate said newspaper as an official newspaper of Franklin County were in wrongful violation of the duties imposed by law upon them; that plaintiff was damaged thereby and had no plain, speedy or adequate remedy at law.

Attached to said petition was a copy of the written request for selection of Franklin County News, signed by the then owners, and in part as follows:

"Hampton, Iowa, December 30th, 1938. To the Franklin County Board of Supervisors: We hereby ask that the Franklin County News, a newspaper to circulate in Franklin County (continuing the Latimer Advertiser) and to be printed in Hampton, Iowa, at our office in the Franklin Apartment Building, be declared an official county newspaper, and therefore entitled to the publishing of the official Board Proceedings."

To said petition defendants filed a demurrer. Said demurrer having been overruled, defendants elected to stand thereon and decree was entered granting the writ. Hence this appeal.

■ Appellants refer to this action as "Triable in Equity—Pleadable as Law". Originally mandamus was an action at law and a statute (now Code section 12449) provided that the pleadings and other proceedings should be the same, as nearly as may be, as in an ordinary action. In 1907, mandamus was changed to an action in equity by an enactment (now Code section 12442) which provided, "All such actions shall be tried as equitable actions." See Briley v. Board of Supervisors, 227 Iowa 55, 287 N. W. 242, and cases therein cited. Although this enactment did not expressly amend the statute in question

(now section 12449), we think the change to equity requires conformable pleadings and procedure. Therefore, the attack upon the petition should have been made by motion to dismiss rather than by demurrer.

Furthermore, Code section 12442 provides mandamus "actions shall be *tried* as equitable actions." Code section 11130 provides, "In actions *triable* in equity" defects in point of law appearing upon the face of the petition may be attacked by motion to dismiss. (Italics supplied.) See Appanoose County Farm Bureau v. Board of Supervisors, 218 Iowa 945, 256 N. W. 687.

However, the parties have treated the demurrer as a motion to dismiss and it will be so viewed upon this appeal.

Appellants have elected to present their appeal upon errors assigned. The errors assigned are three in number which follow and correspond to the divisions of the motion to dismiss.

I. The first error assigned relates to the overruling of the first division of the motion to dismiss, to wit: That appellee had a plain, speedy and adequate remedy at law and, therefore, mandamus could not be maintained. Apparently, this is founded upon the thought that appellee might have appealed from the decision of the board as provided in Code section 5406. It is sufficient answer to say this method of appeal may be employed only after a contest. Kane v. Sturgis, 198 Iowa 836, 200 N. W. 329; Van der Burg v. Bailey, 209 Iowa 991, 229 N. W. 253. Code section 5400 provides "if more applications are filed than there are newspapers to be selected, a contest shall exist." In this case the number of applicants did not exceed the number of newspapers to be selected. Consequently, there was no contest from which an appeal would lie under section 5406. The board simply failed to act upon this application. Therefore, mandamus was proper. Case v. Blood, 71 Iowa 632, 33 N. W. 144.

II. The second error assigned follows the second ground of the motion. Its substance is that the petition does not show that there was any application before the board at the January 1939 session under which Franklin County News could have been appointed as an official newspaper and that the petition fails to show said newspaper to have been qualified for such appointment. This contention is without merit. The

petition averred the qualifications of the newspaper in the words of the statute then in effect. Sections 11099-e1 and 11099-e2, Code of 1935. That was sufficient. The application also was sufficient. It was not required to be in any particular form, nor to contain anything other than a request for selection as a newspaper in which the proceedings of the board would be published. Any written application by the publisher which apprised the board of the desire of the newspaper for selection would be sufficient to require the board to take cognizance of it.

III. The final error assigned corresponds to the third and last division of the motion, and is based upon the contention that appellee, as the proprietor of a newspaper, had no such interest in the selection of official newspapers; that he could maintain an action of mandamus in his own name to compel the board to act. Irrespective of what the rule in the past may have been, appellee's right to maintain such action is now well established. Briley v. Board of Supervisors, supra; Perley v. Heath, 201 Iowa 1163, 208 N. W. 721; Robinson v. Board of Supervisors, 222 Iowa 663, 269 N. W. 921; Looney v. Consolidated Independent School District, 201 Iowa 436, 205 N. W. 328. Iowa Law Review, Volume 20, page 835.

Code section 5397 states that the board "shall" select the newspapers in which the official proceedings shall be published. Under the pleaded facts in this case Code section 5399 required the selection of three such newspapers. From the allegations of the petition, taken as true upon demurrer, it appears there were three applicants, all of whom were qualified. Consequently, the board had no discretionary right to select a lesser number than three. Packard v. Schmidt, 110 Iowa 628, 82 N. W. 327. This duty was enjoined by statute and was not a matter involving discretion on the part of the board. The board failed to act to appellee's damage. Therefore, he was entitled to maintain mandamus to compel such action.

In their brief appellants also make some complaint as to the form of the decree entered by the trial court. However, this was not assigned as error and may not be considered.

The ruling and decree of the trial court are affirmed.—Affirmed.

HAMILTON, C. J., and MILLER, BLISS, STIGER, RICHARDS, and HALE, JJ., concur.