**Richard F. BURKE, Appellee,**

v.

**BOARD OF TRUSTEES OF the POLICE RETIREMENT SYSTEM OF SIOUX CITY, Iowa, Appellant.**

No. 65633.

Supreme Court of Iowa.

July 15, 1981.

Michael S. Walsh, City Atty., and Patrick J. Nugent, Asst. City Atty., for appellant.

Harry H. Smith and MacDonald Smith, Sioux City, for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, ALLBEE and SCHULTZ, JJ.

ALLBEE, Justice.

Plaintiff Richard F. Burke brought this declaratory judgment action against the Board of Trustees of the Police Retirement System of Sioux City to determine his eligibility for annual pension readjustments under chapter 411, The Code. While granting Burke a pension, the Board refused to allow him the annual readjustments. The district court, however, concluded Burke was eligible to receive the annual readjustments of his pension, and the Board has appealed. We conclude that the decree of the district court must be reversed.

I. The relevant facts are not disputed. In August 1972, Burke notified the chief of police of his intent to terminate his employment with the department effective October 1, 1972. This action was taken under authority of section 411.6(1), The Code 1971, *as amended by* 1972 Sess., 64th G.A., ch. 1102,[1] which then provided:

> Any member in service who has been a member of the retirement system fifteen or more years and whose employment is terminated prior to his retirement, other than by death or disability, shall upon attaining retirement age, receive a service retirement allowance of fifteen twenty-seconds of the retirement allowance he would receive at retirement if his employment had not been terminated, and an additional one twenty-second of such retirement allowance for each additional year of service not exceeding twenty-two years of service. The amount of the retirement allowance shall be based on the average final compensation at the time of termination of employment. The allowance shall not be available to a

[1]. That amendment subsequently became section 411.6(1)(c), The Code 1973.

member who has chosen to withdraw his accumulated contributions as provided in section four hundred eleven point six (411.6), subsection ten (10), of the Code. At the time of his termination, Burke had served over twenty-two years with the Sioux City police force, but had not yet reached age fifty-five. Thus, while Burke was able to terminate his employment at that time without losing his retirement benefits, those benefits would not be payable until he reached his fifty-fifth birthday, in 1980. *Id.* The Board confirmed Burke's resignation by letter of September 21, 1972, granted to him "all rights in the pension fund that are granted by chapter 411 as amended ..." and changed his payroll status accordingly.

In January 1980, Burke made application to the Board for his retirement benefits. On a form supplied by the Board entitled "Notice of Intent to Retire," Burke indicated his intended date of retirement as February 23, 1980, and also his intent to withdraw all his accumulated contributions.[2] His retirement was characterized as a service retirement. As noted above, the Board granted Burke a pension, but refused to award him annual readjustments. The issue here concerns Burke's eligibility for annual readjustments of his pension.

II. Burke contends, and the district court agreed, that the readjustment eligibility provision contained in chapter 411 at the time of his termination, § 411.6(14), The Code 1971, *as amended by* 1972 Sess., 64th G.A., ch. 1102, § 3, is controlling with respect to the question of his eligibility. That provision, numbered section 411.6(14)(e) in the 1973 Code, stated:

 A retired member who became eligible for benefits under the provisions of section four hundred eleven point six (411.6), subsection one (1) *but who did not serve twenty-two years and did not attain the age of fifty-five years prior to his termination of employment* shall not be eligible for the annual readjustment of pensions provided for by this subsection.

*Id.* (emphasis supplied). This section, Burke asserts, creates one class of persons who are ineligible to receive annual pension readjustments upon retirement: those who *both* failed to serve twenty-two years *and* who did not reach the age of fifty-five prior to the termination of their employment. Because he had satisfied one of these requirements, Burke argues, the ineligibility provision in effect at the time of his termination is inapplicable to him.

In contrast, the Board interprets the above-quoted provision as requiring that members of police retirement systems serve both until they have attained age fifty-five and at least twenty-two years in order to be eligible for the pension escalation.[3] Thus, in order to resolve this dispute, we must determine the meaning of the annual readjustment provision in effect at the time Burke terminated his employment. This requires that we ascertain the legislative intent underlying that section.

■ III. We are convinced the construction offered by the Board is correct. Important to our conclusion is the subsequent-

---

2. The withdrawal of accumulated contributions was apparently permitted by the Board pursuant to section 411.21(7), The Code 1979, *as amended by* 1979 Sess., 68th G.A., ch. 34, § 19. That amendment provided:

 The board may return accumulated contributions from the annuity savings fund to an active or vested member prior to the dates listed in the schedule established in this subsection, except that the board shall not liquidate securities at a loss for the sole purpose of returning the accumulated contributions to the members at an earlier date.

*Id.* Read in conjunction with the remainder of section 411.21(7), it is clear that Burke's withdrawal of his accumulated contributions did

not lead to a forfeiture of his remaining retirement benefits. *See* §§ 411.21(5), (6), The Code 1979; *see also* § 411.21, The Code 1981 (which no longer provides that early withdrawal of accumulated contributions renders member ineligible for remaining retirement benefits).

3. The Board also asserted that a 1979 legislative amendment governed Burke's eligibility for annual pension readjustments because he did not "retire" until 1980, after the effective date of the legislation. Because, as will be indicated later in this opinion, we believe the 1979 amendment merely acted to clarify the legislative intent underlying the earlier eligibility provision, we need not determine this question.

ly amended version of section 411.6(14)(e), which provides as follows:

A retired member eligible for benefits under the provisions of subsection 1 of this section *is not eligible for the annual readjustment of pensions provided in this subsection unless the member served twenty-two years and attained the age of fifty-five years prior to his termination of employment.*

§ 411.6(14)(e), *as amended by* 1979 Sess., 68th G.A., ch. 34, § 17 (emphasis supplied).[4] This provision clearly imposes a dual requirement for eligibility with respect to annual pension readjustments: the member must have served twenty-two years and have reached age fifty-five prior to the time he terminates his employment. We have recognized in prior decisions that an amendment may indicate an intent to either alter the meaning of a statute or to clarify it. *E. g., Barnett v. Durant Community School District,* 249 N.W.2d 626, 629 (Iowa 1977). "Whenever it appears legislation may have been passed simply for the purpose of removing doubt from previous acts, the courts should give effect to that purpose." *Id.; see Haesemeyer v. Mosher,* 308 N.W.2d 35, 39 (Iowa 1981); *Boone State Bank & Trust Co. v. Westfield Insurance Co.,* 298 N.W.2d 315, 317–18 (Iowa 1980). *See generally* 2A C. Sands, *Statutes and Statutory Construction* § 49.11, at 265–66 (4th ed. 1973).

 We may take judicial notice of the background of a statute as an aid in properly interpreting the legislative intent. *See Socony Vacuum Oil Co. v. State,* 170 N.W.2d 378, 382 (Iowa 1969) (judicial notice of published joint resolution of legislature). *See generally* 29 Am.Jur.2d *Evidence* § 28, at 64–65 (1967). Here, the legislative background of the 1979 amendment to the pension readjustment eligibility provision clearly indicates the amendment was designed not to change that statute's meaning, but rather to clarify it. The minutes of the subcommittee which subsequently proposed the 1979 amendment include the following excerpt:

The Subcommittee considered the adoption of a bill to clarify what was the clear intent of the law originally for escalation for peace officers. Senator [Robert M.] Carr explained that originally when the provisions for peace officers and police and fire were adopted, which allowed for escalation of benefits following retirement, the benefits were intended only for that group of individuals that reached the age of 55 prior to termination of service and had at least 22 years of service. Although this was the clear intent of the law, Senator Carr explained, recently a judicial opinion handed down has given an erroneous interpretation to these provisions. This provision . . . is intended to clarify the original intent and eliminate the erroneous interpretation provided by this district court. The law is made retroactive to insure that the clarification of the definitions is clearly applied retroactively.

The bill was unanimously adopted by the Subcommittee.

Minutes, Public Employees Retirement Systems Subcommittee of the Senate and House Standing Committees on State Government, 7–8 (December 14, 1978). A similar statement is found in that subcommittee's final report to the Legislative Council and the First Session of the Sixty-eighth General Assembly. Moreover, the explanatory section included in the bill containing the initial version of that amendment, which did not materially differ from the adopted version, characterized it and a companion provision as merely a clarification of existing law:

Sections 1 and 10 clarify that members of the peace officers' retirement system and the local police and fire retirement systems must serve until they have reached 55 years of age and have served at least twenty-two years in order to be eligible for the pension escalation.

1979 Sess., 68th G.A., S.F. 489. This history leaves no doubt that the legislature intended that members of local police retirement

---

4. Section 411.6(14)(e) was renumbered as section 411.6(12)(d) in 1978.

systems both serve twenty-two years and attain age fifty-five prior to terminating their employment in order to be eligible to receive annual pension readjustments at the time Burke terminated his employment.

IV. In sum, we conclude the legislature intended that members of local police retirement systems serve both twenty-two years and until they attain the age of fifty-five in order to be eligible for annual pension readjustments, and that this dual requirement was intended in 1972, at the time Burke terminated his employment. Consequently, because he had not satisfied both requirements at the time he left the Sioux City Police Department, Burke is not eligible for annual readjustments to his pension. This case is therefore reversed and remanded for entry of a decree not inconsistent with this opinion.

REVERSED AND REMANDED.