Dale P. ASMANN, Appellee,

v.

**BOARD OF TRUSTEES OF POLICE RETIREMENT SYSTEM OF CITY OF SIOUX CITY, Iowa, Appellant.**

No. 83–664.

Supreme Court of Iowa.

March 14, 1984.

Patrick J. Nugent, City Atty., Bryan J. Arneson and M. James Daley, Asst. City Attys., for appellant.

Harry H. Smith and MacDonald Smith, Sioux City, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER, and WOLLE, JJ.

LARSON, Justice.

In this action, retired Sioux City police officers and their police pension fund's board of trustees contest the meaning of statutory language used to compute increases in pension benefits. The facts may be briefly stated.

Plaintiffs, ex-police officers who all had more than eight years of service, retired at Step 4, then the highest step on the pay scale. A new contract, negotiated after their retirement, provided for a new, higher step, "Master Police Officer," or Step 5. Initially, the Board of Trustees of the Police Retirement System determined that henceforth the plaintiffs' pension benefits would be calculated on the basis of the new Step 5 level because, were the retirees still serving, their eight years' service would automatically make them Master Police Officers. The Board later rescinded that action and the retirees sought certiorari review. When the district court ruled in the retirees' favor, this appeal followed. We affirm.

The statutory language in question is found in Iowa Code section 411.6(12)(a), which mandates that semi-annual pension adjustments for retired fire and police department employees reflect increases in the "earnable compensation payable to an active member of the department, of the same rank and position on the salary scale as was held by the retired ... member at the time of the member's retirement," and in section 411.1(12) which defines "earnable compensation," in pertinent part, as:

> "the regular compensation which a member would earn during one year on the basis of the stated compensation for the members' rank or position *including compensation for longevity ...*"

(Emphasis added.)

The district court, interpreting these sections, found the new status of Master Police Officer to be

> only a level of compensation. It is not a rank. Designation as a master police officer does not involve an increase in authority or a change of duties. In all respects other than compensation, a master police officer is the same as any other police officer.
>
> Upon the completion of eight years of service a police officer automatically becomes a master police officer. No consideration is given to merit or to any other factor than longevity.

The court concluded that Master Police Officer was, under chapter 411, equivalent to the status from which the officers retired. It therefore ruled that the retirees' pensions should be readjusted accordingly.

In this appeal, the Board first asserts that its decision denying the increase was a finding of fact, review of which is limited to an inquiry into whether the Board's determination is supported by any substantial evidence. The Board further asserts that even as a question of law, the district court erred in defining "earnable compensation" to include longevity-based step increases as longevity pay.

The retirees respond that facts were not at issue here and that the district court's construction of this statute prevails over that of the Board. The retirees contend that what the Board did was illegal and that the district court was correct in its

construction of sections 411.6(12)(a) and 411.1(12).

■ The scope of review in this case is summarized in *Norland v. Worth County Compensation Board*, 323 N.W.2d 251, 252–53 (Iowa 1982):

> Appeal to this court from a certiorari judgment of a district court is treated as an ordinary action, and will be affirmed if supported by competent and substantial evidence.
>
> Certiorari is appropriate where an inferior board, exercising judicial functions, acts illegally. An illegality is established if a board has not acted in accordance with a statute; if its decision was not supported by substantial evidence; or if its actions were unreasonable, arbitrary, or capricious. The plaintiff bears the burden to prove the illegality.

(Citations and footnote omitted.)

The retirees argued, and the district court ruled, that the Board "has not acted in accordance with the statute." We agree. Iowa cases do not support the Board's argument that its own construction of the statute must be accorded deference. *See Burke v. Board of Trustees*, 308 N.W.2d 21 (Iowa 1981); *Carstensen v. Board of Trustees*, 253 N.W.2d 560 (Iowa 1977).

■ Statutory construction is not a fact question which requires deference. It is not, for example, a question similar to whether a fireman has become physically incapacitated. *See Reisner v. Board of Trustees*, 203 N.W.2d 812 (Iowa 1973). *See also Staads v. Board of Trustees*, 159 N.W.2d 485 (Iowa 1968).

■ This case turns on whether the retirees' "rank and position on the salary scale" when they left the force is equivalent to the new Master Police Officer status. Iowa Code § 411.6(12). An affirmative answer is required because Master Police Officer is not a new "rank;" no new duties or authority are vested in an officer because of that designation. It is, rather, a new step in the pay scale, and it is uncontested that if these retirees were on the force today they would be at the new Step 5. Thus, they are at "the same rank and position on the salary scale." Further, because the retirees would be at Step 5 on the basis of longevity alone, and longevity is specifically included as a basis for "earnable compensation" under section 411.1(12), that section reinforces our conclusion placing them at "the same rank and position."

We also emphasize that a contrary result here could endanger almost every retiree's rights under section 411.6(12). By creating new steps or otherwise altering the salary structure, current police and city negotiators could sacrifice retirees' unrepresented interests to allocate more of the available money to salaries.

AFFIRMED.