**Roy UFFELMAN, Appellant,**

v.

**FIRE PENSION BOARD FOR THE CITY OF BURLINGTON, Appellee.**

**No. 87–555.**

Supreme Court of Iowa.

June 15, 1988.

Michael J. Schilling, Burlington, for appellant.

Dana Christiansen, City Atty., Burlington, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

This is a declaratory judgment action brought by a retired firefighter, Roy Uffelman, to determine whether his pension benefits are being computed properly. At issue is Uffelman's claim to a pension adjustment under Iowa Code section 411.6(12)(c) (1987) based on a consolidation of ranks within the fire department after he retired. The question is whether the consolidation amounted to an abolition of Uffelman's former rank. The district court found that it did not. We affirm.

Because the action was tried at law, our appellate scope of review is confined to the correction of assigned errors. *See* Iowa R.Civ.P. 267; *Mead v. Iowa State Bd. of Parole*, 331 N.W.2d 102, 103 (Iowa 1983) (declaratory judgment actions tried in equity are reviewed de novo; actions tried at law are reviewed on assigned error). Our task is to determine whether the district court properly interpreted and applied the pertinent statutory law to the undisputed facts. In doing so, we are guided by the principle that laws creating pension rights

are to be liberally construed to promote their legislative purpose and objective. *Carstensen v. Board of Trustees*, 253 N.W. 2d 560, 564 (Iowa 1977).

Uffelman retired in May 1975 after serving thirty-five years with the Burlington Fire Department. At his retirement, Uffelman held the rank of Electronic Technician II, a unique classification based on his responsibility for the installation, maintenance and testing of the department's communication equipment in addition to customary firefighting duties. For this classification he was paid the same salary as a captain, though he had no supervisory duties and had not taken the captain's civil service examination.

A year before his retirement, Uffelman attained special certifications as a fire service technician and emergency medical technician. These additional certifications entitled him to a five percent salary increase and placed him in the highest of nine pay ranges within the department—three for firefighter, three for lieutenant, and three for captain. From 1974 through 1979, the pay differential from the first to the third range for each of the three job groups was five percent. Uffelman received this five-percent differential in the computation of his pension throughout this period.

As a result of a collective bargaining agreement taking effect July 1, 1980, the three separate ranks of captain (Captain I, Captain II, and Captain III) were consolidated and a single rank of captain appeared on the salary scale. The salary differential that once distinguished a Captain I from a Captain II and Captain III was eliminated. Under the new scale, all captains received the same pay as the former rank of Captain III, after completing a probation period.

Upon learning of these changes, Uffelman unsuccessfully urged the board of fire trustees to adjust his pension to reflect the five-percent salary scale differential he had enjoyed at his retirement. He based his claim on Iowa Code section 411.6(12)(c) which provides in pertinent part:

In the event that the rank or position held by the retired ... member at the time of retirement ... is subsequently abolished, adjustments in the pensions of the member ... shall be computed by the board of trustees as though such rank or position had not been abolished and salary increases had been granted to such rank or position on the same basis as increases granted to other ranks and positions in the department.

When the board refused to grant Uffelman his requested adjustment, he commenced the present action to determine his rights under the statute.

After a trial at which Uffelman was the only witness, the district court ruled that neither Uffelman's rank nor position on the salary scale had been "abolished" within the meaning of section 411.6(12)(c). Accordingly, the court declared that Uffelman's pension was properly calculated. It is from this legal conclusion that Uffelman now appeals.

Uffelman's challenge to the district court's interpretation of section 411.6(12)(c) has three components. He contends the court adopted a civil service definition of "abolished" inapplicable to these proceedings, contrued the terms in a manner inconsistent with its plain meaning and the statutory scheme, and generally interpreted the statute in a way that will create inequities for retired firefighters. We cannot agree.

Under section 411.6(12)(c), a pension adjustment is triggered by recognition that a retiree's former rank or position has been *abolished*. The term is not defined in chapter 411, so the district court sought its meaning from chapter 400 which generally regulates civil service employment. There the legislature prescribed that a position may be "abolished" through the suspension or removal of employees in a classification or grade when such work force reduction is in the public interest. *See* Iowa Code § 400.28. Strict work force reduction procedures are mandated to protect job security for employees with greater seniority. *Id.* There being no removal or suspension of employees in the present case, no such

procedures were implicated. The district court thus concluded that "if the position was renamed or reassigned but with the same duties the action would not constitute 'abolishment.'"

 We agree with the district court's determination that Uffelman's former position has not been abolished, but the conclusion may be reached without resorting to chapter 400. The plain and unambiguous meaning of "abolished" is "to do away with wholly." Webster's Ninth New Collegiate Dictionary 45 (1986). As noted by the court, the net effect of the 1980 bargaining agreement was to upgrade the pay scales in each of the firefighter, lieutenant, and captain ranks. A pension computed on the basis of pay for the former rank of Captain III is the same as a pension now computed on the basis of the rank of captain. Uffelman's rank was not abolished. It is still there at the top of the wage schedule. The only ranks "abolished" by virtue of the upward consolidation were the ranks of Captain I and II.

The crux of Uffelman's argument is that the elimination of the inferior ranks within the captain classification is inequitable because retired firefighters who had achieved the rank of captain but had not obtained additional certifications will now receive pensions equivalent to Uffelman's. His complaint is not that he is receiving less but that others are receiving more. We fail to see the inequity in this result for Uffelman.

We recognized in *Asmann v. Board of Trustees*, 345 N.W.2d 136, 138 (Iowa 1984), the very real threat to pensioners' rights if current employees and negotiators, through alteration of the salary structure, are allowed to sacrifice pensioners' unrepresented interests as a way of allocating more of the available money to current salaries. But in *Asmann*, the controversy focused on the establishment of a new, higher pay rate called "Master Police Officer" which, by virtue of their retirement, was unattainable by retirees. *Id.* at 137. We concluded "Master Police Officer" was not a new rank, but merely a new step on the pay scale, for which retirees would have qualified had they currently been on the force, based on their longevity. *Id.* at 138. Though the retirees' former position was not "abolished" under section 411.-6(12)(c), we held they were entitled to an adjustment in order to recognize their position on the salary scale at retirement. *Id.*

Unlike the retirees in *Asmann*, Uffelman can make no claim that a new step has been created which cannot be attained by him. His pension continues to be computed at the highest rank attainable by an active member of the force. The district court correctly determined that section 411.-6(12)(c) furnishes no basis for an upward adjustment under these circumstances. Its judgment is accordingly affirmed.

AFFIRMED.