CITY OF OELWEIN, Iowa, Plaintiff–Appellant,

v.

BOARD OF TRUSTEES OF THE MUNICIPAL FIRE AND POLICE RETIREMENT SYSTEM OF IOWA, Defendant–Appellee.

No. 96–0877.

Court of Appeals of Iowa.

May 29, 1997.

---

Anne L. Clark and E.J. Giovannetti of Hopkins & Huebner, P.C., Des Moines, and Ronald C. Van Veldhuizen, Oelwein, for Plaintiff–Appellant.

Alice E. Helle and James H. Gilliam of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum & Walker, P.L.C., Des Moines, for Defendant–Appellee.

Heard by SACKETT, P.J., and HUITINK and STREIT, JJ.

SACKETT, Presiding Judge.

The question in this appeal is whether defendant-appellee Board of Trustees of the Municipal Fire and Police Retirement System of Iowa properly awarded Oelwein policeman Bruce Barker accidental disability benefits under the municipal fire and police retirement provided in Iowa Code chapter 411 (1995). Barker claimed he got hepatitis C when Donald Marrah's blood smeared on his hand as Barker arrested Marrah in June 1991. Barker bites his fingernails and, as a result, has cuts and abrasions on the end of his fingers. Barker claimed having hepatitis C renders him unable to continue in his job as a police officer, and this is not disputed. Donald Marrah, a former IV drug user, was never tested for hepatitis C although his former wife has tested positive for it. The agency considered testimony of Barker's treating physician, Dr. LaBrecque, that based on information before him he testified with reasonable medical certainty Donald Marrah was the most likely source and found Barker had contracted the disease during the arrest of Donald Marrah.

The City petitioned for a writ of certiorari. The district court affirmed the agency's decision. The City has appealed from this decision contending the agency exceeded its authority in awarding accidental disability benefits. The crux of the City's argument is there was not substantial evidence supporting the agency's decision. We affirm.

Barker was found to have hepatitis C in May 1994 when he made himself available to be a blood donor and was rejected because of the disease. LaBrecque determined, because of Barker's chronically elevated liver enzymes, it was his opinion Barker had had the disease for about two years.

Roxanne Marrah, Donald Marrah's former wife, was diagnosed as having hepatitis C after her 1991 divorce from Donald. Donald has admitted he took illegal drugs intravenously prior to 1991. LaBrecque gave the

opinion that, as a group, people who use drugs in this manner are more likely to have hepatitis C and approximately two-thirds of such drug users in the United States test positive for the disease. He further testified, though there is a low probability that hepatitis C is transmitted sexually, spouses of carriers more frequently test positive for the disease than the general population. He further testified the fact Roxanne is hepatitis C positive makes the likelihood Donald is hepatitis C positive more than sixty-seven percent.

The City advances LaBrecque's opinion does not provide substantial evidence Barker contracted hepatitis C on June 23, 1991 when arresting Donald Marrah. The City contends even if the evidence is sufficient to support a finding Barker has hepatitis C, it is not sufficient to show it was contracted at a specific time and place in the City's employ.

■ While there is no appeal provision, the decision can be reviewed by certiorari. We do not review de novo. *Benson v. Fort Dodge Police Pension Board of Trustees,* 312 N.W.2d 548, 550 (Iowa 1981); *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975). The board can be found to have acted illegally if its decision is not supported by substantial evidence. *Asmann v. Board of Trustees of Police Retirement System,* 345 N.W.2d 136, 138 (Iowa 1984).

The claimant has the burden of proving by a preponderance of evidence the injuries arose out of and in the course of employment. *McDowell v. Town of Clarksville,* 241 N.W.2d 904, 908 (Iowa 1976).

The evidence shows hepatitis C to be a viral form of hepatitis carried primarily in the blood and requiring passage either through the skin or direct exposure of a member on the surface.

The City argues the facts are not sufficient for LaBrecque to reach the conclusion he did, and the City contends his conclusion is conjecture and speculation.

■ For an expert's opinion to be competent, sufficient data must be presented on which an expert judgment can be made. The facts must support a conclusion more than mere conjecture and speculation. *Iowa Power & Light Co. v. Stortenbecker,* 334 N.W.2d 326, 330–31 (Iowa App.1983).

The City advances the evidence Barker bit his fingernails and had surgery prior to the diagnosis, coupled with evidence the virus is widespread and can be carried on improperly cleaned surgical instruments, and the fact Donald Marrah shows no symptoms of the disease, are reasons LaBrecque's opinion is not competent. The City further argues, based on LaBrecque's testimony, the virus can enter in a tiny crack and, because of Barker's bitten down fingernails, Barker was constantly at risk for the disease and there is not substantial evidence Barker contracted the disease at the time of the questioned arrest.

■ For an expert's opinion to be considered reliable, there must be sufficient foundation to establish reliability. *See State v. Hall,* 297 N.W.2d 80, 85 (Iowa 1980). LaBrecque is Barker's treating physician. He is also director of Liver Service at the University of Iowa Hospitals. He has not expressed his opinion with absolute certainty. The lack of absolute certainty goes to the weight the fact finder will give the opinion. *See Williams v. Hedecan,* 561 N.W.2d 817 (Iowa 1997).

The question is not whether the fact finder could have rejected the opinion. The question is whether it provides substantial evidence to support its opinion. Evidence is substantial if a reasonable person would find it adequate to reach the given conclusion. *Mercy Health Ctr. v. State Health Facilities Council,* 360 N.W.2d 808, 811–12 (Iowa 1985); *Messina v. Iowa Dep't of Job Serv.,* 341 N.W.2d 52, 59 (Iowa 1983). There is substantial evidence supporting the board's decision. We affirm.

**AFFIRMED.**