Richard **DONNELLY**, Harold **O'Brien** and C.L. **Sumner**, Appellees,

v.

**BOARD OF TRUSTEES OF FIRE RETIREMENT SYSTEM OF CITY OF DES MOINES, Iowa, Appellant.**

No. 86–423.

Supreme Court of Iowa.

April 15, 1987.

---

Nelda Barrow Mickle, City Sol., Des Moines, for appellant.

Linda G. Hanson and Charles E. Gribble of Sayre & Gribble, Des Moines, for appellees.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

SCHULTZ, Justice.

The determinative question in this appeal is whether retired firemen may have their pensions increased, under a statutory provision for readjustment of pensions, due to a pay raise during the preceding adjustment period, when the retirees received the raise before they retired. The board of trustees of Fire Retirement System of the City of Des Moines (board) appeals the district

court decision that sustained plaintiffs' writ of certiorari and held that the board acted illegally in denying the pension increase for the plaintiff retirees. We affirm the district court.

Plaintiff firefighters, Richard Donnelly, Harold O'Brien, and C.L. Sumner, retired in December of 1984. Prior to that time their union had negotiated a pay raise for firefighters, which took effect in October of 1984. On January 1, 1985, plaintiffs petitioned for an increase in their monthly pension benefits, pursuant to Iowa Code section 411.6(12)(a) (1985), which provides in part as follows:

> a. On each July 1 and January 1, the monthly pensions authorized in this section ... shall be adjusted as provided in this paragraph. An amount equal to the following percentages of the difference between the monthly earnable compensation payable to an active member of the department, of the same rank and position on the salary scale as was held by the retired or deceased member at the time of the member's retirement or death, for the month in which the last preceding adjustment was made and the monthly earnable compensation payable to an active member of the department of the same rank and position on the salary scale for the month in which the adjustment is made shall be added to the monthly pension of each retired member and each beneficiary as follows:
>
> > (1) Twenty-five percent for members receiving a service retirement allowance and for beneficiaries receiving a pension under subsection 9 of this section.

Following a denial of the requested adjustment, the board reviewed its denial. After a formal hearing, the board again denied plaintiffs an adjustment. The district court acted on plaintiffs' petition for a writ of certiorari, annulled the board's decision, and ordered the board to adjust plaintiffs' pension benefits. On appeal the board attacks the trial court's holding both on the facts and on its interpretation of the statute to allow the adjustment. The parties concede and we agree that certiorari was the correct method for obtaining judicial review of the board's action. *Benson v. Fort Dodge Police Pension Bd. of Trustees,* 312 N.W.2d 548, 550 (Iowa 1981).

*I. Factual matters.* The board urges that the district court erred in finding no substantial evidence to support the findings on which the pension board based its conclusions of law. The board points to the district court's use of plaintiffs' chart analysis, hypothetically showing calculations of pensions after raises in pay, based on the respective position of each party, and claims the court ignored the board's evidence. This contention is without merit because the trial court's decision was based upon interpretation of the statute, not upon findings of fact.

Statutory construction is not a fact question. *Asmann v. Board of Trustees of Police Retirement Sys.,* 345 N.W.2d 136, 138 (Iowa 1984). It is unlike an illegality that results from a board's failure to act in accordance with a statute, analysis of which requires a factual determination by the court. *See Norland v. Worth County Compensation Bd.,* 323 N.W.2d 251, 253 (Iowa 1982). When the board's decision rests on a determination of disputed facts, the board's finding of fact stands unless there is not substantial evidence to support the finding. *State v. Cullison,* 227 N.W.2d 121, 126 (Iowa 1975). Here, the facts underlying the suit, including the date of the pay increase, plaintiffs' retirement dates, their respective ranks and salaries, and the date they requested the benefit increase, are undisputed. The issue on appeal concerns the board's application of a statute, based upon the board's own interpretation of it, to uncontroverted facts. As we have no question of fact, the substantial evidence test is inapplicable and the board's contention regarding substantial evidence is without basis.

*II. Interpretation of adjustment.* The parties' dispute centers on whether the retirees are entitled to an adjustment of their pensions pursuant to section 411.6(12)(a) when the pay raise that triggered an adjustment of their pensions occurred after the last preceding adjustment was

made but before the employees' retirement. The amount of the retirees' pensions, calculated based on each retiree's highest three years of salary, is not challenged. Section 411.6(12)(a) provides that pensions shall be adjusted on each July 1 and January 1. The retirees' claim, adopted by the trial court, is that the plain and clear language of this section provides that on these dates pensions shall be adjusted by the appropriate percentage of any raise in salary given to an active member of the same rank as the retirees. A raise in salary is the difference between an active member's salary "for the month in which the last preceding adjustment was made" and the same active member's salary in the month in which the adjustment is made. As applied in this case, the difference between the active member's monthly salary on July 1, 1984, and January 1, 1985, which reflects the October 1984 raise, is multiplied by the applicable percentage (twenty-five percent). The adjustment that results from this formula would add approximately thirty dollars to each retiree's monthly pension.

The board takes the position that there should be no adjustment. It maintains that the language "for the month in which the last preceding adjustment was made" is ambiguous. The board interprets this language to indicate that if no pension adjustment could have been made on that prior adjustment date (July 1, 1984), because no pension existed on that date, then no pension readjustment can be made on the current adjustment date of January 1, 1985, because there was no "month in which the last preceeding adjustment was made." In effect, there was nothing to adjust. The board further claims that if the legislature had intended the meaning proposed by the plaintiffs, the statute would have read in the plural: "for the month in which the last preceding *adjustments were* made." The board then argues that in the present case "the month in which the last preceding *adjustment was* made" must mean "the month of retirement."

Initially, we agree with the trial court that the disputed phrase, given its plain reading, is not ambiguous. When a statute is plain and its meaning is clear, the court should not search for meaning beyond the express terms. *State v. Sunclades,* 305 N.W.2d 491, 494 (Iowa 1981). The board contends that the use of the singular "adjustment was" indicates that this is not a general reference to the last time adjustments were made and could only mean that the statute speaks in the specific to each retiree's previous adjustment. This is clearly a strained interpretation of the statute. If the board could disallow an adjustment in any case in which there had been no previous adjustment, new retirees would never become eligible for an adjustment.

■■■ The board suggests the statute should provide that the operative date for new retirees must be the date of retirement. The statute, however, does not contain any language referring to the date of retirement. While laws creating pension rights are to be liberally construed in order to promote the objects of the legislature, *Carstensen v. Board of Trustees of Police Retirement Sys.,* 253 N.W.2d 560, 564 (Iowa 1977); *Rockenfield v. Kuhl,* 242 Iowa 213, 217, 46 N.W.2d 17, 19 (1951), neither the board nor the court is free to ignore the statutory language in favor of what the statute "should" provide. We must look at what the legislature said, rather than what it should or might have said. *First Nat'l Bank v. Bair,* 252 N.W.2d 723, 725 (Iowa 1977).

■■■ The board's actuary testified at the hearing that "[i]t's conceivable that the strict language of the code indicates a result different than" the result ultimately reached by the board. After looking at the legislative history of the section, however, the actuary opined that "the change was not intended on the grounds that it appears to have been developed kind of ad hoc in the legislature." While the board's introduction at the hearing of the legislative history of the statute was appropriate, the opinion of the actuary as to the significance of the change will not be considered by this court. As we have stated in previous cases, we will not consider a legislator's own interpretation of the language or purpose of a statute, even if that legislator

was instrumental in drafting and enacting the statute in question. *Ruthven Consol. School Dist. v. Emmetsburg Community School Dist.*, 382 N.W.2d 136, 140 (Iowa 1986). We see even less reason to consider the opinion of the board's actuary on the question of legislative intent.

■ The board additionally argues that plaintiffs were not entitled to the benefits they sought as retirees because they had already received these benefits while members in active service. As we understand the board's argument, these retirees who quit in December received a raise in October and their pensions increased due to this raise. The board's actuary testified, however, that the October raise in pay, figured into the average pay over the thirty-six months on which their pensions were determined, would raise the individual pension "like a dollar and a half, two dollars a month," for each month worked after the raise took effect. The retirees thus increased their benefits three or four dollars. When this three or four dollars per month is compared to the increase of approximately thirty dollars per month they would receive under the statutory adjustment, it becomes apparent that the board's argument is misleading. These retirees had not in fact received the full benefit of the October raise prior to retirement. Following the statutory language precisely does not lead to unfair "doubling" of benefits.

In summary, we hold that the statute is unambiguous, and the board acted illegally in failing to apply the statute according to its express terms. We affirm the district court's ruling.

AFFIRMED.