Sharon K. WILLIAMS, As Executor of the Estate of Frances Wagner, Deceased, Plaintiff–Appellant/Cross–Appellee,

v.

R.I. BAYERS, Defendant,

and

City of Davenport, A Municipal Corporation, Defendant–Appellee/Cross–Appellant.

No. 88–1549.

Court of Appeals of Iowa.

Jan. 25, 1990.

John J. Carlin of Carlin, Hellstrom & Bittner, Davenport, for plaintiff-appellant/cross-appellee.

Michael J. Meloy, Davenport City Atty., for defendant-appellee/cross-appellant.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Frances Wagner and her sister went to their standing Tuesday morning appointment at Bev's Beauty Boutique. After a wash and set, they began to descend the three flights of steps to the ground floor. In between the third and second floor, Wagner fell. After a hospitalization of over a month, she died as a result of her injuries.

Wagner's executor sued Roy I. Bayers, the owner of the commercial building, for negligence in failing to maintain the building and in failing to warn of inherent defects. She also sued the City of Davenport, alleging negligence in failing to make proper inspections of the building and in failing to require compliance with provisions of the municipal building code.

Prior to trial, the Wagner's executor settled with Bayers for $50,000. The building owner was dismissed from the case. Trial then proceeded against the City of Davenport (City) alone.

In its answer to plaintiff's petition, the City raised as an affirmative defense Iowa Code section 613A.4, which allegedly bars plaintiff's lawsuit against the municipality.

The issue of the City's immunity was raised again in the City's motion for summary judgment and its motion for adjudication of law points, both of which were denied. A motion for directed verdict based on section 613A.4 was made at the close of plaintiff's evidence and the close of all the evidence. Both were denied.

During closing arguments to the jury, plaintiff's attorney, in his rebuttal, told the jury Bayers had been released from the lawsuit. The attorney further stated he didn't feel defendant Bayers had done anything wrong. No mention was made at any time of the $50,000 settlement.

The jury returned a verdict finding the plaintiff's decedent 50% at fault, the City 50% at fault, and Bayers 0% at fault. The jury assessed total damages at $109,700, which was the exact amount of Frances Wagner's medical bills.

However, following this verdict the district court granted the City a new trial. The district court concluded the City had been prejudiced by the closing comment made by plaintiff's attorney. The court also concluded the attorney's comment was so clearly improper a new trial was warranted even though no objection was made at the time. In addition, the court suggested had it not granted the defendant City a new trial, it would have granted the plaintiff a new trial on the issue of damages. The court commented that in a wrongful death action, damages limited to medical expenses are inadequate as a matter of law.

The plaintiff has appealed from the district court order granting the defendant City a new trial. The plaintiff contends the closing argument comment was not improper and did not warrant a new trial. The plaintiff also contends a new trial was improper where the City made no objection at the time of the comment.

Although the plaintiff originally argued the trial court erred in failing to grant the plaintiff's motion for new trial on the issue of damages, that issue has since been withdrawn by plaintiff's motion and an order dated October 23, 1989.

The defendant City has filed a notice of cross-appeal. The City contends the plaintiff's lawsuit should have been barred by Iowa Code section 613A.4(10), which bars a claim against a municipality "if the damage was caused by a third party, event, or property not under the supervision or control of the municipality," with exceptions not relevant here.

We reverse the trial court's order on the City's cross-appeal and dismiss the lawsuit.

1. The City's Immunity. The City repeatedly raised the issue of immunity from liability pursuant to Iowa Code section 613A.4(10). Chapter 613A, the Tort Liability of Governmental Subdivisions, enumerates the claims exempted from municipal tort liability in subsection 613A.4. It provides in pertinent part:

The liability imposed by section 613A.2 shall have no application to any claim enumerated in this section. As to any such claim, a municipality shall be liable only to the extent liability may be imposed by the express statute dealing with such claims and in the absence of such express statute, the municipality shall be immune from liability.

\*   \*   \*   \*   \*   \*

10. Any claim based upon an act or omission of an officer, or employee of the municipality, whether by issuance of permit, inspection, investigation, or otherwise, and whether the statute, ordinance, or regulation is valid, if the damage was caused by a third party, event, or property not under the supervision or control of the municipality, unless the act or omission of the officer or employee constitutes actual malice or a criminal offense.

The trial court concluded the question of whether the City maintained supervision and control of the building was a fact question for the jury to determine. We do not agree. This is clearly a question of statutory construction.

■ Statutory construction is not a fact question, but is a question of law which the court must decide. *Donnelly v. Bd. of Trustees of Fire Retirement System*, 403 N.W.2d 768, 770 (Iowa 1987); *Hoekstra v. Farm Bureau Mutual Insurance Co.*, 382 N.W.2d 100, 105 (Iowa 1986); *Willis v.*

*City of Des Moines*, 357 N.W.2d 567 (Iowa 1984).

■ The building where the accident occurred is a privately-owned structure. The owner of the building is the dismissed defendant, Bayers. The City had no ownership interest in the building. The only involvement the City had was through its inspection and issuance of permits. Neither the City's inspection nor the letter containing the inspector's findings and compliance requirements constitute supervision or control over the person or premises as contemplated by the statute.

The damage at issue in this case was caused by a third-party. There is no claim of actual malice or of a criminal offense on the part of a City employee. This court concludes the interpretation of Iowa Code section 613A.4(10) is a question of law for the court to decide. Pursuant to section 613A.4(10), the City of Davenport is immune from liability for Williams' claim.

In view of our decision, we do not reach or address the issue of plaintiff's misconduct during closing argument.

MOTION TO GRANT A NEW TRIAL REVERSED ON CITY'S CROSS-APPEAL. CASE DISMISSED.