Gary MOON, Appellant,

v.

**BOARD OF TRUSTEES OF the MUNICIPAL FIRE AND POLICE RETIREMENT SYSTEM OF IOWA, Appellee,**

and

**City of Des Moines, Iowa, Intervenor.**

No. 95–163.

Supreme Court of Iowa.

May 22, 1996.

Phillip Vonderhaar, Des Moines, for appellant.

Alice E. Helle of Brown, Winick, Graves, Baskerville & Schoenebaum, Des Moines, for appellee.

Nelda Barrow Mickle, Des Moines, for intervenor.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and TERNUS, JJ.

LARSON, Justice.

In *Dunlavey v. Economy Fire & Casualty Co.*, 526 N.W.2d 845 (Iowa 1995), we recognized for the first time a workers' compensation claim under Iowa Code chapter 85 (1993) for a "mental/mental" injury, *i.e.*, a mental injury without an accompanying physical injury. In the present case, the issues are whether the same test should be applied to an accidental disability claim under Iowa Code section 411.6(5) (1993) and, if so, whether the facts support recovery under that test. The board of trustees applied a legal test substantially similar to *Dunlavey*'s and concluded that the plaintiff failed to qualify for accidental disability benefits. The district court affirmed, and we agree.

Gary Moon worked for the Des Moines Police Department from 1968 until March 16, 1993, when he informed his captain that he

had a panic disorder, did not feel safe carrying a weapon, and feared an inability to back up other officers. He was immediately removed from duty and began meeting with psychiatrists and counselors. Moon was fifty-two years old and a sergeant at the time of his retirement.

Moon applied for accidental disability benefits from the Municipal Fire and Police Retirement System of Iowa. Following his application, he was referred to the system's medical board at the University of Iowa Hospitals for an evaluation pursuant to Iowa Code section 411.5(8). In its clinical summary, the medical board concluded that Moon's psychiatric condition, a panic disorder with agoraphobia, rendered him incapable of serving as a police officer and that his incapacity is likely to be permanent. It is undisputed that Moon is incapacitated because of his psychiatric condition.

Moon alleges that his disability was caused by two incidents that took place while on duty. In 1980, as a member of an intelligence unit, Moon confronted a man suspected of armed robbery. The suspect attempted to escape, but Moon did not shoot at him because he was afraid his partner would be caught in the crossfire. He soon began having nightmares about the incident. In 1985 a young officer who served under Moon committed suicide, and Moon was called to the scene. Shortly before the suicide, Moon had disciplined the officer, and Moon stated that he felt guilty for not having identified the officer's problems.

The executive director of the retirement system approved Moon's application for accidental disability benefits. Moon's employer, the City of Des Moines, appealed. An evidentiary hearing was held before the disability appeals committee of the system's board. The committee issued a decision that denied accidental disability benefits but awarded ordinary disability benefits. The decision of the committee was ratified by the full board.

Moon filed a certiorari action challenging the board's decision. The City of Des Moines filed a petition to intervene. The district court affirmed the decision of the board, and Moon appealed.

■ Chapter 411 provides no appeal procedure, so a certiorari action is the appropriate vehicle for challenging the actions of a pension board. *See Benson v. Fort Dodge Police Pension Bd. of Trustees,* 312 N.W.2d 548, 550 (Iowa 1981) (pension board under Iowa Code chapter 411 not a board "of the state," thus not an "agency" subject to Administrative Procedure Act, Iowa Code ch. 17A).

■ For the writ of certiorari to be sustained, the plaintiff must show that the board acted "illegally," Iowa R.Civ.P. 306, in that it failed to act in accordance with a statute or its decision was not supported by substantial evidence. *City of Cedar Rapids v. Municipal Fire & Police Retirement Sys.,* 526 N.W.2d 284, 287 (Iowa 1995). Moon argues that he satisfied the requirements for certiorari on both grounds: the pension board applied an erroneous standard of law, and it reached a conclusion that lacked adequate factual support.

Moon's claim for accidental disability benefits is based on Iowa Code section 411.6(5)(a), which provides:

Upon application to the system, of a member in service or of the chief of the police or fire departments, respectively, any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an injury or disease incurred in or aggravated by the actual performance of duty at some definite time and place, or while acting pursuant to order, outside of the city by which the member is regularly employed, shall be retired by the system, if the medical board certifies that the member is mentally or physically incapacitated for further performance of duty, that the incapacity is likely to be permanent, and that the member should be retired.

Chapter 411 does not define covered injuries, although it defines covered "diseases," a matter that will be discussed later.

While it is undisputed that Moon is entitled to some type of disability benefits under chapter 411, the parties disagree as to whether he is qualified for *accidental* disability benefits under section 411.6(5)(a). Acci-

dental benefits in Moon's case would be slightly higher, and they would be treated more favorably for income tax purposes.

The board ruled that Moon was entitled to ordinary disability benefits under Iowa Code section 411.6(3) because it determined that Moon was "mentally or physically incapacitated for further performance of [his] duty, that the incapacity is likely to be permanent, and that the member should be retired." However, it ruled that he was not entitled to accidental benefits because his evidence of stress was insufficient to meet the legal standard applied by the board.

## I. *The Legal Standard.*

In *Dunlavey,* we held that the definition of "personal injuries" under our workers' compensation statute, Iowa Code § 85.3(1), includes purely mental injuries and approved a workers' compensation award for an employee who had suffered a nontraumatic mental injury. *Dunlavey,* 526 N.W.2d at 851.

In recognizing such a claim, we imposed two requirements: the claimant must show that the mental injury was caused (1) in fact by mental stimuli in the work environment, and (2) by workplace stress "of greater magnitude than the day-to-day mental stresses experienced by other workers employed in the same or similar jobs, regardless of their employer." *Id.* at 847.

■ We have not previously passed on the application of chapter 411 in the case of a nontraumatic mental injury, but our earlier cases suggest that the rationale of *Dunlavey* would be equally pertinent in a disability case under chapter 411. *See, e.g., Goebel v. City of Cedar Rapids,* 267 N.W.2d 388, 391 (Iowa 1978) ("[H]istory shows a legislative intent ... to treat persons entitled to chapter 411 benefits and workers' compensation benefits alike" and "the systems [chapters 411 and 85] are not identical but it is apparent they serve the same purposes."). Accordingly, we apply the two-part test of *Dunlavey* to this case under chapter 411 to determine whether the board acted illegally by applying an erroneous legal test. *See City of Cedar Rapids,* 526 N.W.2d at 287.

*Dunlavey* was decided after the district court entered its order in this case, so neither the board nor the district court had the benefit of that case. Nevertheless, despite Moon's argument that the board applied an erroneous legal standard, we believe the board and the district court correctly applied the law as it was later announced in *Dunlavey.*

The board's order stated in part:

The statute [section 411.6(5) ] provides that accidental disability benefits may be payable under the statute for a mental incapacity. This would clearly be appropriate, for example, in the case of a head injury with a resulting mental impairment. The Board ruled in the case of Douglas E. Boal that section 411.6(5) is best construed to provide for accidental disability benefits for a mental impairment only if that impairment is the result of a physical injury. The District Court subsequently upheld the Board's decision of accidental disability benefits in the Boal case, but on the basis that the impairment was not caused by anything more than the day-to-day emotional stress commonly associated with police departments.

It is the conclusion of the Committee that Moon has not established a compensable "injury" under either standard and thus is not entitled to accidental disability benefits under the statute. Moon is hereby denied accidental disability retirement benefits and awarded ordinary disability retirement benefits.

As the board correctly noted, section 411.6(5) is most clearly met if the mental impairment is the result of a physical injury. But the board impliedly recognized a right to nontraumatic accident benefits if the injury was "more than day-to-day emotional stress commonly associated with police departments." This is apparent from its reference to the *Boal* case.

Using this test, the board ruled that Moon's claim must fail because he did not show that his impairment was caused by stress that was greater than the day-to-day emotional stress in his type of work.

On Moon's certiorari petition, the district court agreed. It noted that we had not yet ruled on the legal standard to be applied in a mental/mental claim under chapter 411, but it applied what it termed a "modified unusual stress standard." The court looked first at the so-called Wisconsin rule, which allows benefits for a mental/mental injury if it results "from a situation of greater dimensions than the day-to-day emotional strain and tension that *all* employees must experience." *See School Dist. No. 1 v. Department of Indus., Labor & Human Relations,* 62 Wis.2d 370, 215 N.W.2d 373, 377 (1974) (emphasis added).

The district court noted that the pension board had modified the Wisconsin rule by comparing Moon's stress as compared with police work in general rather than comparing it with all occupations. It concluded that the board properly applied the law and agreed with the board that Moon failed to meet this legal test.

The "modified" Wisconsin rule applied by the board and the district court closely approximates the standard adopted in *Dunlavey,* which requires the stress be "of greater magnitude than the day-to-day mental stress experienced by other [police] officers." *Dunlavey,* 526 N.W.2d at 857 (adopting the so-called Wyoming rule).

■ We conclude that the board did not adopt an erroneous legal standard, as contended by the plaintiff.

## II. *Mental Injury as a Disease.*

Moon argues that he met the legal requirement for a mental/mental injury because, in any event, his condition qualifies for accidental disability benefits as a "disease" within the meaning of Iowa Code section 411.6(5). That section includes disease, as well as injury, if it is "incurred in or aggravated by the actual performance of duty at some definite time and place . . . ." "Disease" is defined by Iowa Code section 411.6(5)(c):

> Disease under this section shall mean heart disease or any disease of the lungs or respiratory tract and shall be presumed to have been contracted while on active

duty as a result of strain or the inhalation of noxious fumes, poison or gases.

■ We held in *Benson* that this definition is exclusive. 312 N.W.2d at 551. We did not suggest in *Benson,* as Moon argues, that the statutory definition was intended only to create a presumption of causation as to the diseases specifically listed while allowing for other illnesses to be covered if causation could be proven. Moon's mental condition is not a "disease" under section 411.6(5) because it is not listed in the definition of "disease." We again state that the list of diseases in section 411.6(5)(c) is exclusive.

## III. *The Substantial Evidence Question.*

Having concluded that the board applied the proper legal test, we proceed to the question of whether its order was "illegal" for certiorari purposes because it was not supported by substantial evidence. *See City of Cedar Rapids,* 526 N.W.2d at 287.

■ Because Moon had the burden of proof on his claim and he failed to establish his right to accidental benefits before the board, he may prevail on appeal only if he was entitled to such benefits as a matter of law. *See Benson,* 312 N.W.2d at 551.

There is substantial evidence in the record to support the board's conclusion that the two incidents that allegedly caused Moon's disability were no more than the day-to-day stresses commonly associated with police departments. Kenneth Moon, a Des Moines police officer and the plaintiff's brother, testified at the board hearing that, in his opinion, the incidents in question were not typical of the day-to-day experiences of police officers. He also testified, however, that while a police officer's life is generally very routine and boring "[i]t can become very dangerous, in a split second. There's a lot of stress associated with the job . . . ."

Another officer testified that "police work is more stressful on a day-to-day basis than the average occupation," and an officer testified about counseling services the department provides for officers in recognition of their highly stressful position. Even the plaintiff acknowledged that "all police officers

are faced with life and death every day and have a stress-related occupation." The chief of police stated that he did not consider either of the specific incidents "exceptionally stressful for law enforcement work."

 We conclude that Moon did not establish his right to accidental benefits as a matter of law, and in fact, substantial evidence supports the ruling of the board.

### IV. *Other Issues.*

Moon has raised other issues, including his complaint that the board erred in applying alternative legal causation tests. We reject that argument. The board was understandably in doubt as to which test this court might adopt in evaluating a mental/mental claim under chapter 411 and properly anticipated that it might be one of the two tests considered. We conclude that this was not improper and therefore reject this argument.

We have considered the arguments addressed, as well as several that are not expressly addressed, and conclude that the board and the district court properly rejected the claim for accidental disability benefits under Iowa Code section 411.6(5).

**AFFIRMED.**