Terry L. PATTON, Appellant,

v.

**MUNICIPAL FIRE & POLICE RETIREMENT SYSTEM OF IOWA, Appellee.**

No. 97–1079.

Supreme Court of Iowa.

Dec. 23, 1998.

James L. Sayre of James L. Sayre, P.C., Des Moines for appellant.

Alice E. Helle and Douglas E. Gross of Brown, Winick, Graves, Gross, Baskerville, Schoenebaum and Walker, P.L.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, SNELL and CADY, JJ.

McGIVERIN, Chief Justice.

The question here is whether a city police officer is entitled to retirement credit under the Municipal Fire and Police Retirement System of Iowa for several years of interrupted service prior to 1990. The district court concluded that the officer was not entitled to such credit due to the terms of Iowa Code section 411.3(2) (1995).

We disagree with the conclusion reached by the district court and therefore reverse and remand for entry of a ruling granting the officer the requested retirement credit.

### I. Background facts and proceedings.

Plaintiff, Terry L. Patton, is currently a police officer with the city of Fairfield, Iowa (the City). His employment in that position has not been continuous. Specifically, Patton was employed as a police officer in Fairfield from June 1966 to July 1972, from July 1978 to June 1982, and again from July 1, 1990 until the present.

Prior to January 1992, each municipality in Iowa with a population of 8000 people or more had its own retirement system for police officers and firefighters. As a Fairfield police officer, Patton was a member of the Fire and Police Retirement System of the City of Fairfield, Iowa (Fairfield system).

Effective January 1, 1992, however, the legislature reorganized the retirement systems for municipal police officers and firefighters and ordered that each municipal retirement system be abolished. *See* 1990 Iowa Acts ch. 1240, § 85, now codified at Iowa Code § 411.35. In place of the former individual municipal retirement systems, the legislature established a single, statewide fire and police retirement system known as the Municipal Fire and Police Retirement System of Iowa (hereinafter "defendant system" or MFPRSI). Under this new statewide system, "all membership, benefit rights, and financial obligations under the terminating systems shall be assumed by the statewide fire and police retirement system." Iowa Code § 411.35(2).

The dispute giving rise to this case began when Patton inquired whether his employment with the City prior to 1990 would be credited to his retirement benefits under the MFPRSI. The MFPRSI informed Patton that he was not entitled to retirement credit for his employment prior to 1990, due to the terms of Iowa Code section 411.3(2). The MFPRSI concluded that in light of Patton's absence from employment with the City from July 1972 to July 1978 and again from June 1982 to July 1990, a period in excess of four years in each instance, that Patton ceased to be a member of the Fairfield system after each term of employment and thus his approximately ten years of service prior to 1990 would not be credited to his account for purposes of calculating his retirement benefits.

Patton disagreed with the MFPRSI's decision and eventually filed a petition for declaratory judgment in district court against the defendant MFPRSI, seeking a determination as to whether he was entitled to retirement credit for his years of service prior to 1990. Patton claimed that Fairfield city officials assured him, when he returned to service in 1990, that his prior years of service would constitute "membership service" under the Fairfield system. In support of this claim, the record contains an affidavit of John Brown, administrative coordinator of the Fairfield police department, stating that the City represented to Patton that he would

receive credit for his prior years of service and that the City certified to the MFPRSI when the retirement systems were consolidated that Patton's "membership service" consisted of approximately ten years as of January 1, 1992.

The MFPRSI filed an answer denying Patton's allegations.

Following a hearing on the parties' cross motions for summary judgment, the district court granted defendant MFPRSI's motion for summary judgment and overruled Patton's motion, based on its conclusion that pursuant to Iowa Code section 411.3(2) Patton could not receive retirement credit for his ten years of service prior to 1990 because he had been separated from service for more than four years. The court also stated that the City erred in giving Patton credit for his prior years of service.

Patton appeals, asserting that the district court erred in concluding that Iowa Code section 411.3(2) barred the MFPRSI from giving him credit for his approximately ten years of service prior to 1990.

## II. Standard of review.

■ Our review of a grant or denial of summary judgment is at law. Iowa R.App. P. 4; *Gabrilson v. Flynn*, 554 N.W.2d 267, 270 (Iowa 1996). Summary judgment is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c); *Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 201 (Iowa 1997). To determine whether there is a genuine issue of material fact, the court must examine the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. Iowa R. Civ. P. 237(c). The record here consists of the pleadings, affidavits and exhibits. We review the record in the light most favorable to the party opposing summary judgment; in this sense, we consider a motion for summary judgment as we would a motion for directed verdict. *Dickerson v. Mertz*, 547 N.W.2d 208, 212 (Iowa 1996). Under this standard, summary judgment is inappropriate if reasonable minds would differ on how the issue should be resolved. *Id.*

The parties agree on the operative facts involved here but disagree as to the proper legal conclusions to be derived therefrom.

## III. Is Patton entitled to retirement credit for his years of service prior to 1990?

A. On appeal, Patton contends that the district court erred in concluding that Iowa Code section 411.3 precludes the MFPRSI from giving him credit for his years of service with the City prior to 1990.

■ Whether Patton is entitled to credit for all his years of service depends upon whether he was entitled to credit for such service under the Fairfield system in effect prior to January 1, 1992. This is because under the new statewide system "all membership, benefit rights, and financial obligations under the terminating systems shall be assumed by the statewide fire and police retirement system." Iowa Code § 411.35(2). Thus, we must decide whether Patton would have been entitled to credit for his years of service prior to 1990 under the former Fairfield system. "In doing so, we are guided by the principle that laws creating pension rights are to be liberally construed to promote their legislative purpose and objective." *Uffelman v. Fire Pension Bd.*, 424 N.W.2d 467, 467–68 (Iowa 1988); 3A Norman J. Singer, *Sutherland Statutory Construction* § 73.03, at 343 (5th ed.1992). However, courts are not free to ignore the statutory language in favor of what the statute "should" provide. *See Donnelly v. Board of Trustees of Fire Ret. System*, 403 N.W.2d 768, 771 (Iowa 1987).

B. The district court concluded that Iowa Code section 411.3(2) unambiguously precluded Patton from receiving credit for his years of service prior to 1990. Iowa Code section 411.3(2) (1995) provides:

Should any member in any period of five consecutive years after last becoming a member, *be absent from service for more than four years*, or should the member become a beneficiary or die, *the member*

*shall thereupon cease to be a member of the system.*[1]

(Emphasis added.)

Patton contends that the district court erred in concluding that Iowa Code section 411.3(2) precludes him from receiving credit for his ten years of service prior to 1990. Patton asserts that Iowa Code section 411.1(12)'s definition of "membership service" expressly states that he is entitled to receive retirement credit for his years of service prior to 1990. "Membership service" is defined as follows:

> [S]ervice as police officers or fire fighters rendered since last becoming a member, or, *where membership is regained as provided in this chapter, all of such service.*[2]

Iowa Code § 411.1(12) (emphasis added).

The district court did not cite or otherwise mention the definition of "membership service" found in Iowa Code section 411.1(12). Rather the district court read section 411.3(2) to mean that once a police officer left employment and thus ceased to be a member of the system, the member would likewise be precluded from receiving credit for any past "membership service" and would no longer be entitled to receive or accumulate benefits under the retirement system.

█ C. Upon our review, we disagree with the district court's reading of Iowa Code chapter 411 and conclude that Iowa Code section 411.1(12) when read with Iowa Code section 411.3(1) mandates that Patton receive retirement credit for his approximately ten years of service prior to 1990.

There is no dispute that Patton was separated from employment for more than four years during each of his absences from employment: from 1972 to 1978, a period of six years; and again from 1982 to 1990, a period of eight years. As a result, Patton ceased to be a member of the Fairfield system when he left his employment in 1972 and again in 1982.

However, as noted above, Iowa Code section 411.1(12) defines "membership service" as "service . . . rendered since last becoming a member, or, where membership is *regained as provided in this chapter*, all of such service." (Emphasis added.) Unlike the language of section 411.3(2), the terms of section 411.1(12) are vague and ambiguous. As a result, we must liberally interpret the provision consistent with legislative purpose and objective.[3] *See Uffelman*, 424 N.W.2d at 467–68. Specifically, we will construe section 411.1(12) in Patton's favor, the person for whose benefit the statute was intended. *See Byers v. Iowa Employment Sec. Comm'n*, 247 Iowa 830, 832, 76 N.W.2d 892, 893 (1956) (statutes providing retirement benefits should be liberally construed in favor of those seeking benefits, interpreting Iowa Code chapter 97B, Iowa Public Employees' Retirement System); *see also Kellum v. Department of Retirement Sys.*, 61 Wash.App. 288, 810 P.2d 523, 526 (Wash.Ct.App.1991) ("Where there is ambiguity regarding the application of pension statutes [for police officers], the statutes are to be construed in favor of the persons for whose benefit they were intended.").

There are two provisions in chapter 411 that seem to bear on the definition of "membership service." First, Iowa Code section 411.3(2) addresses when a member *ceases* to be a "member of the system." Second, Iowa Code section 411.3(1) discusses "membership" as a condition of employment and

---

**1.** The language of Iowa Code section 411.3(2) concerning when a person *ceases* to be a member has in all material respects remained unchanged since the time Patton was first hired as a Fairfield police officer in 1966.

**2.** The definition of "membership service" has in all material respects remained unchanged since the time that Patton was first hired as a Fairfield police officer in 1966, except for a renumbering of the section.

**3.** The purpose of Iowa Code chapter 411 is stated as follows:

> [T]o promote economy and efficiency in the municipal public safety service by providing an orderly means for police officers and fire fighters to have a retirement system which will provide for the payment of pensions to retired and disabled members and to the surviving spouses and dependents of deceased members.

Iowa Code § 411.1A, added by 1993 Iowa Acts ch. 44, § 15.

makes reference to when a person *becomes* a member of the system.[4]

Construing the statutes in a light most favorable to Patton, we believe that section 411.3(1) requiring "membership" as a condition of employment and discussing when a person *becomes* a member of the system bears more on the phrase "membership service" found in section 411.1(12) than does section 411.3(2) explaining when a person *ceases* to be a "member of the system." Thus, when Patton was employed for the third time by Fairfield in 1990, under section 411.3(1) he regained his membership in the system. Upon regaining membership, Patton, due to section 411.1(12), was entitled to receive credit on his "membership service" account in the retirement system for all of his years of service prior to 1990.

We believe the City of Fairfield correctly assured Patton upon his return to employment in July 1990 that he would receive credit for his years of service prior to 1990 under the Fairfield system. Accordingly, pursuant to Iowa Code section 411.35(2), the MFPRSI later assumed the membership, benefit rights, and financial obligations of the City under the Fairfield system concerning Patton.

The district court therefore erred in overruling Patton's motion for summary judgment and in granting the motion of the defendant system. We reverse and remand with instructions that the district court sustain Patton's motion for summary judgment, overrule the defendant system's motion, and enter declaratory judgment in Patton's favor granting him the retirement credit for his service prior to 1990 as requested in his petition.

## IV. Disposition.

We conclude that plaintiff Patton is entitled to retirement credit for his years of service as a police officer from 1966 to 1972, and from 1978 to 1982. The district court erred in concluding that the MFPRSI was not required to give Patton credit for those years of service and likewise erred in grant-

ing the defendant MFPRSI's motion for summary judgment.

**REVERSED AND REMANDED.**

---

4. Iowa Code section 411.3(1) states in pertinent part:

All persons who become police officers ... shall become members of the retirement system as a condition of their employment. ...