Louis H. SCHMIDT, Appellant,

v.

BLACKHAWK FLEET, INC., Appellee.

No. 98–390.

Supreme Court of Iowa.

Oct. 13, 1999.

Leonard P. Cervantes of Cervantes & Associates, St. Louis, Missouri, and Earl A. Payson, Davenport, for appellant.

Robert Nienhuis of Goldstein & Price L.C., St. Louis, Missouri, and Charles W. Brooke of Brooke & O'Brien, P.L.C., Davenport, for appellee.

Considered by CARTER, P.J., and LAVORATO, SNELL, CADY, and SCHULTZ,* JJ.

CARTER, Justice.

Plaintiff, Louis H. Schmidt, who had been employed by the defendant, Blackhawk Fleet, Inc. (Blackhawk), to clean barges intended for hauling cargo on the Mississippi River, appeals from an adverse summary judgment denying his alleged "seaman" status required to maintain this personal injury action under the Jones Act, 46 U.S.C. § 688. After reviewing the summary-judgment motion papers most favorably toward Schmidt, the district court concluded that under the undisputed facts none of his work was of a seagoing nature, and any connection he had with the barges involved in his lawsuit was clearly transitory. Based on these conclusions, the court determined that Schmidt was not a seaman under federal law and could not maintain the present action under the Jones Act. After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

The summary-judgment motion papers reveal the following facts. Blackhawk hired Schmidt as a barge cleaner in March 1994. He worked for six weeks in the Davenport vicinity cleaning moored barges. He then worked for two weeks in the Muscatine area cleaning barges that were moored to an island in the river. He was transported to these barges by another barge known as the cleaning barge. The cleaning barge carried a crane for moving equipment. Schmidt never operated the crane but would at times fuel the crane's engine. He would occasionally load, tie, and untie the cleaning barge and attach temporary navigation lights thereto. The barge was not self-propelled.

A few days before the injury on which this action is based, the cleaning barge was moved from the island and moored on the adjacent shore near Muscatine. Schmidt did not participate in this movement of the cleaning barge. Schmidt was assigned to clean the cleaning barge while it was moored on the Muscatine shore. While so doing, a crane operator on an adjacent barge dropped a heavy barge cover onto Schmidt's hand, severing several fingers. That is the injury for which Schmidt seeks to recover damages under the Jones Act.

Summary judgment is only appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Mercy Hosp. Med. Ctr. v. County of Marion,* 590 N.W.2d 41, 42 (Iowa 1999); *Patton v. Municipal Fire & Police Retirement Sys.,* 587 N.W.2d 480, 482 (Iowa 1998). In deciding a motion for summary judgment, the court

---

* Senior judge assigned by order pursuant to Iowa Code section 602.9206 (1999).

does not weigh the evidence but inquires as to whether a reasonable fact finder viewing the evidence most favorably to the nonmoving party could return a favorable verdict. *Bitner v. Ottumwa Community Sch. Dist.*, 549 N.W.2d 295, 300 (Iowa 1996).

Schmidt does not challenge the court's conclusion that he must meet the federal law definition of "seaman" in order to recover in this action. He urges that he does meet that definition. The United States Supreme Court addressed the definition of "seaman" under the Jones Act in *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995). The Court determined the essential requirements for seaman status to be:

> First, . . . "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission.' " . . .
>
> Second, . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both its duration and its nature.

*Chandris*, 515 U.S. at 368, 115 S.Ct. at 2190, 132 L.Ed.2d at 337 (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 355, 111 S.Ct. 807, 817, 112 L.Ed.2d 866, 882 (1991)).

In *Roth v. U.S.S. Great Lakes Fleet, Inc.*, 25 F.3d 707 (8th Cir.1994), the court applied the standards set forth in *Chandris* to deny Jones Act coverage to an employee who was hired to assist in maintenance and painting of ships. The employee worked on two ships and was allowed to eat and use the restroom facilities aboard the ships but did not live on the ships. The court found that the employee was not a member of the crew of the ship but rather was a temporary, shore-based employee not covered by the Jones Act. *Roth*, 25 F.3d at 709.

Schmidt's only serious claim that he worked as a seaman is his contention that he assisted in the navigation of the clean-ing barge. The activities on which that claim is based are his placement and removal of temporary navigation lights on the cleaning barge and his operation of the ropes and lines so as to guide the cleaning barge from one barge to another. We agree with the district court that these activities were entirely transitory and do not constitute the work of a seaman assigned to a vessel on navigable waters. Although Schmidt may be a maritime worker, maritime workers and seamen are mutually exclusive categories in which only the latter may claim under the Jones Act. *Chandris*, 515 U.S. at 355–56, 115 S.Ct. at 2183, 132 L.Ed.2d at 329.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**