Todd A. Miler of Miler Law Firm, Des Moines, for appellant.

Thomas J. Logan of Hopkins & Huebner, P.C., Des Moines, for appellee.

**Melba E. SMITH, Appellant,**

v.

**CITY OF BAYARD, Iowa, Appellee,**

and

**Steve Levias, Defendant.**

**No. 99–1092.**

Supreme Court of Iowa.

April 25, 2001.

CARTER, Justice.

Plaintiff, Melba E. Smith, a dog-bite victim, appeals from an adverse summary judgment for the City of Bayard (the city) in her damage action. Plaintiff alleges that the city was negligent in failing to control a dog that was running at large in the city. The city sought summary judgment on the basis that (1) it owed plaintiff no duty to protect her from the dog, and (2) it is immune from the liability sought to be imposed on it. Because we agree with the second contention, we affirm the judgment of the district court.

Plaintiff was seriously bitten by a dog while she was walking to the post office. She alleges that the dog belonged to Steve Levias, who lived in a home adjacent to the post office. Earlier on the day that plaintiff was bitten, another citizen of Bayard had complained to the mayor that Levias's dog had harassed her. In responding to that complaint, the mayor walked by Levias's residence and found the dog sitting quietly on the porch. No action was taken by the city. After the incident involving the biting of plaintiff, the county's environmental health office, upon being informed of the incident by the city, picked the dog up and later caused it to be destroyed.

In resistance to defendant's motion for summary judgment, plaintiff attached summaries of city council proceedings held prior to her injuries. These reports indicated that the problem of dogs running at large had been discussed by the city council.

The city urges that it had no duty to protect plaintiff from animals or instrumentalities under the control of third parties. It likens the situation to the rule stated as follows in the Restatement (Second) of Torts section 315 (1965):

There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless

(a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct. . . .

Plaintiff urges that the city regulated dogs running at large by ordinance, thus establishing the special relationship required for liability under the Restatement rule. She also urges that the protection of sidewalk pedestrians from vicious dogs is part of the city's duty under Iowa Code section 364.12(2) to keep sidewalks free from nuisance. We need not resolve the issues surrounding the extent, if any, of the city's duty to plaintiff. We deem the city's claim of statutory immunity to be meritorious irrespective of the duty issue.

Iowa Code section 670.4 provides in part:

The liability imposed by section 670.2 [municipal tort liability] shall have no application to any claim enumerated in this section. As to any such claim, a municipality shall be liable only to the extent liability may be imposed by the express statute dealing with such claims and, in the absence of such express statute, the municipality shall be immune from liability.

. . . .

10. Any claim based upon an act or omission of an officer or employee of the municipality, whether by issuance of permit, inspection, investigation, or otherwise, and whether the statute, ordinance, or regulation is valid, if the damage was caused by a third party, event, or property not under the supervision or control of the municipality, unless the act or omission of the officer or employee constitutes actual malice or a criminal offense.

Iowa Code § 670.4(10) (1995).

In *Hameed v. Brown*, 530 N.W.2d 703 (Iowa 1995), this court, in interpreting section 670.4(10), held that the terms "supervision or control" should be given their ordinary meaning as defined in the standard dictionary.[1] *Hameed*, 530 N.W.2d at 707. Quoting from *Webster's Third New International Dictionary* (P. Gove ed.1993), we said that:

"Supervise" means the act of "oversee[ing] with the powers of direction and decision the implementation of one's own or another's intentions . . . ."

"Control" means "to exercise restraining or directing influence over" or "have power over."

*Id.*

In applying the language of section 670.4(10) to the present dispute, we are deciding whether the dog or the actions of the dog were "events" or "property" under the supervision or control of the city. Plaintiff urges that the dog or the actions

---

1. The statute has been renumbered since the *Hameed* decision. At that time, it was numbered as section 613A.4(10).

of the dog were under the city's supervision or control because there was in force a city ordinance regulating dogs. We are unable to conclude that the city, by regulating all dogs in the community, was supervising or controlling this particular dog in a manner that denies it the immunity conveyed by section 670.4(10). We agree with the decision of the court of appeals in *Williams v. Bayers,* 452 N.W.2d 624, 625 (Iowa Ct.App.1990), which held that the failure of a city to exact compliance by a building owner with the city's building code could not be made a basis for liability because enacting an ordinance was not the type of supervision or control necessary to bring the case outside of the section 670.4(10) immunity. We conclude that the same principle applies here with respect to plaintiff's contention that the dog ordinance constitutes supervision or control.

As a final matter, we must mention that there is clearly no basis in the record for concluding that any act or omission of the city in connection with the issues of this case was done with actual malice or was a criminal offense.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**